UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) | Criminal Action No. 90-449(RCL) |
| v. | | |
| MIGUEL PROFETA, | | |
| Defendant. | | |

## MEMORANDUM

Defendant Miguel Profeta's motion [Dkt. 134] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is before this Court. After reviewing the petitioner's motion the entire record therein, and applicable law, the Court will DENY the petitioner's § 2255 motion.

I. BACKGROUND

The petitioner pled guilty, pursuant to a written plea agreement, to continuing a criminal drug enterprise, in violation of 21 U.S.C. 848(b)(c) and was sentenced to a statutory mandatory life term of incarceration on July 19, 1991. On November 27, 2000, defendant filed a motion to reduce sentence pursuant to 18 U.S.C. 3582(C)(2), which was subsequently denied on February 21, 2001. This denial was affirmed by the United States Court of Appeals for the District of Columbia Circuit on October 15, 2001. *See United States v. Profeta*, WL 1488668 (D.C. Cir. Oct. 15, 2001). On June 15, 2001, defendant filed the instant § 2255 motion, in which he argues the Court should vacate his sentence

pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Richardson v. United States*, 526 U.S. 813 (1999).

## II. ANALYIS

Section 2255 permits a prisoner serving a federal sentence to move the court to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377 (2001). Section 2255 authorizes the sentencing court to discharge or resentence a prisoner if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. *Id.*; *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979). Relief under § 2255 is an "extraordinary remedy" and is generally only granted "if the challenged sentence resulted from a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Thompson*, 587 F.Supp. 2d 121 (D.D.C. 2008) (citing *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992)) (citations omitted). The defendant carries the burden of sustaining his contentions by a preponderance of evidence. *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973).

Effective April 24, 1996, Congress enacted a one-year statute of limitation on the filing of § 2255 motions in the Antiterrorism and Effective Death Penalty Act (AEDPA). *United States v. Cicero*, 214 F.3d 199 (D.C. Cir. 2000). The one-year limitation period runs from the latest of:

1) the date on which the judgment of conviction becomes final;

2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A "prisoner whose conviction became final before the AEDPA was enacted has a one year grace period from the date of enactment in which to file a motion under § 2255." *United States v. Cicero*, 214 F.3d 199, (D.C. Cir. 2000). *See also Rogers v. United States*, 180 F.3d 349, 354 (1st Cir.1999); *Mickens v. United States*, 148 F.3d 145, 148 (2d Cir.1998); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir.1998); *Brown v. Angelone*, 150 F.3d 370, 374-75 (4th Cir.1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir.1998); *Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir.1999); *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir.1998); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir.1999); *United States v. Valdez*, 195 F.3d 544, 546 (9th Cir.1999); *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir.1997); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir.1998). The grace period expired on April 24, 1997. *Cicero*, 214 F.3d at 202.

Here, petitioner's § 2255 motion was filed on June 15, 2001, well beyond the April 24, 1997 deadline.

## III. CONCLUSION

For the reasons set forth in this opinion, the Court finds that petitioner's motion is time-barred. Accordingly, Mr. Profeta's motion [134] to vacate, set aside or correct sentence pursuant to 28 U.S.C. 2255 will be DENIED.

A separate order shall issue this date.

*Royce C. Lamberth* 10/27/09
ROYCE C. LAMBERTH
Chief Judge
United States District Court