**FILED**

MAY 2 5 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA )
)
)
v. )   **Crim. No. 90-449-1 (RCL)**
)
MIGUEL PROFETA, )
Defendant. )

## MEMORANDUM

On January 15, 2010, the Court of Appeals for the D.C. Circuit directed the Court to determine whether to issue a certificate of appealability in this case [206].

Upon consideration of petitioner's Notice of Appeal and Request for Certificate of Appealability [204], applicable law, and the entire record herein, petitioner's Request will be DENIED for the reasons set forth below.

## I. INTRODUCTION

Petitioner filed a motion under 28 U.S.C. § 2255 [134], which the Court dismissed in an order dated October 27, 2009 [201]. Petitioner then filed a Notice of Appeal and Request for Certificate of Appealability with the Court on December 14, 2009 [204]. The D.C. Circuit ordered that petitioner's case "be held in abeyance pending the district court's resolution of appellant's motion for certificate of appealability" on January 15, 2010 [206].

## II. ANALYSIS

### A. LEGAL STANDARD

Section 2253 provides in pertinent part:

> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> . . .
>
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253(c)(2). Petitioner makes this "substantial showing" if he can "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## B. PETITIONER HAS NOT MADE A SUBSTANTIAL SHOWING OF THE DENIAL OF A CONSTITUTIONAL RIGHT

The Court concludes that petitioner has not made a substantial showing of the denial of a constitutional right, because reasonable jurists would not debate the Court's holding.

The Court held previously that Mr. Profeta's petition was time-barred, because he did not file it within the permissible one-year grace period following the enactment of AEDPA [202]. *See United States v. Cicero*, 214 F.3d 199 (D.C. Cir. 2000). This grace period expired on April 24, 1997—well before Mr. Profeta filed his petition on June 15, 2001. As the Court stated, every other circuit who has decided this issue agrees that there was only a one-year grace period [202]. Reasonable jurists, therefore, would not debate this holding of the Court.

Furthermore, Mr. Profeta contends in his § 2255 petition that: 1) he did not knowingly and intelligently enter into his guilty plea, and 2) that his indictment was fatally defective, both pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Richardson v. United States*, 526 U.S. 813 (1999). He contends that *Apprendi* and *Richardson* were rights newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review [134]. Accordingly, he contends that there is a one-year filing limitation, running from the date on which those Supreme Court cases were decided. 28 U.S.C. § 2255(f)(3).

Mr. Profeta did not file within one year of the Supreme Court's ruling in *Richardson*, which was decided on June 1, 1999. *Richardson*, 526 U.S. 813. Because Mr. Profeta did not abide by the plain language of § 2255(f)(3) and did not timely file his petition, reasonable jurists would not debate the Court's holding that Mr. Profeta's *Richardson* claim was time-barred.

Mr. Profeta filed within one year of the Supreme Court's ruling in *Apprendi*, which was decided on June 26, 2000. *Apprendi*, 530 U.S. 466. The Supreme Court, however, has not made *Apprendi* apply retroactively to cases on collateral review within the meaning of § 2255. *United States v. Lafayette*, 585 F.3d 435, 439 (D.C. Cir. 2009); *In re Zambrano*, 433 F.3d 886, 888 (D.C. Cir. 2006). " 'The Supreme Court is the only entity that can make a new rule retroactive' within the meaning of this provision." *Lafayette*, 585 F.3d at 439 (quoting *Tyler v. Cain*, 533 U.S. 656 (2001)). Every circuit that has considered the issue agrees with the D.C. Circuit's holding that *Apprendi* does not apply retroactively to cases on collateral review. *See In re Naylor*, 487 F.3d 1018, 1023 (6th Cir. 2007); *United States v. Gentry*, 432 F.3d 600, 603 n.1 (5th Cir. 2005); *Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 867 (11th Cir. 2005); *Poindexter v. Nash*, 333 F.3d 372, 379 (2d Cir. 2003); *United States v. Swinton*, 333 F.3d 481 (3d Cir. 2003); *Sepulveda v. United States*, 3330 F.3d 55, 60-61 (1st Cir. 2003); *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003); *San-Miguel v. Dove*, 291 F.3d 257, 260 (4th Cir. 2002); *Rees v. Hill*, 286 F.3d 1103, 1104 (9th

Cir. 2002); *Hines v. United States*, 282 F.3d 1002, 1004 (8th Cir. 2002). Because every circuit agrees on this point, reasonable jurists would not debate that Mr. Profeta's *Apprendi* claim is not permitted under § 2255(f)(3).

## CONCLUSION

For the reasons set forth in this opinion, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, petitioner's Request for a Certificate of Appealability [204] is DENIED.

A separate order shall issue this date.


ROYCE C. LAMBERTH
Chief Judge
United States District Court